# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SELMA DIVISION

| | |
|---|---|
| DALLAS COUNTY PRIVATE SCHOOL FOUNDATION D/B/A JOHN T. MORGAN ACADEMY,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>GENERAL STAR INDEMNITY COMPANY, A CORPORATION; GENSTAR INSURANCE SERVICES, LLC, A LIMITED LIABILITY COMPANY OR CORPORATION, Defendants A – M, whether singular or plural, entity or individual, who or which may have liability to the Plaintiff under any theories of law advanced in this complaint or in any amended complaints, including any claims in tort or contract and including negligence, wantonness, fraud, bad faith, misrepresentation, suppression and deceit, and who or which in any way have any liability for the insurance coverage and claims issues relative to the business premises of John T. Morgan Academy in a covered tornado or wind loss of January 12, 2023, or any conduct related to the transactional breaches or negligence related to insurance coverage and benefits belonging to the Plaintiff for the location more particularly described in the complaint as being the John T. Morgan Academy location, | **CIVIL ACTION NO.:**<br><br>_____<br><br>**Removal from the Circuit Court of Dallas County, Alabama, Case No. 27-CV-2023-900265.00** |

| | |
|---|---|
| with its numerous and separate buildings, located at 2901 West Dallas Avenue, Selma, Alabama; Defendants N – Z, whether singular or plural, entity or individual, who or which acted to conspire or conspired to deny the Plaintiff proper insurance coverages and recoveries for the losses sustained, and who or which are responsible for conduct related to the coverage and claims process, investigation, inspection, failure to inspect, failure to properly investigate, the denial of claims, negligence, carelessness, incompetence, refusal to pay policy proceeds,<br><br>　　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS GENERAL STAR INDEMNITY COMPANY'S AND GENSTAR INSURANCE SERVICES, LLC'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants General Star Indemnity Company ("General Star") and GenStar Insurance Services, LLC ("GenStar") (collectively, "Defendants"), by and through their undersigned counsel, hereby submit this Notice of Removal, showing the Court as follows:

### Introduction/Background Facts

1.

On October 9, 2023, Plaintiff Dallas County Private School Foundation d/b/a John T. Morgan Academy ("Plaintiff") filed a Complaint for breach of contract, bad faith and fraud, misrepresentation, and conspiracy, in the Circuit Court of Dallas

County, Alabama, styled *Dallas County Private School Foundation v. General Star Indemnity Company, et al.*, Case No. 27-CV-2023-900265.00 (the "State Court Action"). Defendants accepted service of the State Court Action on December 20, 2023.

2.

This matter stems from a claim for property damage under a property insurance policy (the "Claim"). Following a storm, wind, or tornado in January 2023, Plaintiff sought coverage under Policy No. IAG971215[1] (the "Policy"), issued to Plaintiff by General Star, for the ensuing damage allegedly sustained by the school located at 2901 West Dallas Avenue, Selma, Alabama (the "Property"). (Complaint, Ex. A, ¶¶ 1, 5, 7).

3.

General Star adjusted the Claim, and Plaintiff ultimately chose to invoke appraisal under the Policy, to which General Star agreed, subject to a reservation of rights and to Plaintiff's agreement that appraisal would not include issues of coverage. Appraisal then began with General Star and Plaintiff each selecting their own appraiser.

---

[1] Defendants note that the Complaint erroneously identifies the Policy as bearing "Policy No. 1AG971215." (Complaint, ¶ 7). The first digit of the policy number is the letter "I," not the numeral "1." (*See* Exhibit A to Plaintiff's Complaint, attached hereto as Exhibit "A").

4.

Despite Plaintiff's pre-appraisal representations, Plaintiff's selected appraiser included in his appraisal an engineer's report addressing causation of alleged damage at the Property, which General Star had previously determined was not covered.

5.

Based on the scope of damage identified in the engineer's report, Plaintiff's appraiser estimated a cost of repair of $3,670,723.63. (*See* Exhibit "B", attached hereto). In contrast, General Star had previously estimated a repair cost value of the undisputed covered damage totaling $163,551.30, subject to $17,172.84 in depreciation and a $52,601.01 deductible, for an actual cash value of $93,777.45. (*See* Exhibit "C", attached hereto).

6.

General Star addressed with Plaintiff the issue that appraisal cannot include coverage issues. Thereafter, but before the dispute could be resolved, Plaintiff filed the State Court Action. Therefore, the two appraisers were not able to agree to an award amount.

7.

In the State Court Action, Plaintiff seeks damages for alleged breach of contract, bad faith, and fraud for General Star's rejection of Plaintiff's appraiser's suggested award. (Complaint, Ex. A, ¶¶ 14–29).

8.

Defendants remove the Lawsuit to this Court pursuant to 28 U.S.C. § 1441(a), because this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1).

**Jurisdiction and Grounds for Removal**

9.

Under 28 U.S.C. § 1441, any lawsuit over which a federal district court would have original jurisdiction, including diversity jurisdiction, may be removed by a defendant to the district court for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a) & (b).

10.

This Court has subject matter jurisdiction over this lawsuit based on diversity jurisdiction.  In order for diversity jurisdiction to exist, the amount in controversy must exceed $75,000 and there must be complete diversity between the parties. 28 U.S.C. § 1332(a). Complete diversity means that every plaintiff has a citizenship different than every defendant. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

11.

Here, Plaintiff is a citizen of the State of Alabama.

12.

Defendant General Star is a Delaware corporation with its principal place of business in Connecticut. Therefore, General Star is a citizen of Delaware and Connecticut.

13.

Defendant GenStar is a Delaware limited liability company. The only member of GenStar is General Reinsurance Corporation, a Delaware corporation with its principal place of business in Connecticut. Therefore, GenStar is a citizen of Delaware and Connecticut.

14.

Removal is proper because, as described below, there is complete diversity between the Parties and Plaintiff's demand for payment pursuant to its appraiser's suggested award, plus its bad faith and fraud claims demanding punitive damages, implicate amounts in excess of $75,000.00. *See* 28 U.S.C. § 1332(a); *Krikorian v. Ford Motor Co.*, No. CV 1:19-00582-KD-N, 2019 WL 7042939, at *6–*7 (S.D. Ala. Nov. 6, 2019), *report and recommendation adopted*, No. CV 1:19-00582-KD-N, 2019 WL 7038265 (S.D. Ala. Dec. 20, 2019).

15.

When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014) (citing 28 U.S.C. § 1446(c)(2)(A)).

16.

The difference in the amount of General Star's undisputed repair cost estimate and Plaintiff's appraiser's repair cost estimate is $3,507,172.33. (*See generally* Ex. B and Ex. C). The Plaintiff's bad faith and fraud claims also demand punitive damages. (Complaint, Ex. A, ¶¶ 23, 29). Thus, the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

17.

There is complete diversity here because Plaintiff is a citizen of Alabama and Defendants are citizens of Delaware and Connecticut.

18.

Given that the amount in controversy is satisfied and there is complete diversity between the parties, diversity jurisdiction exists.

19.

In accordance with 28 U.S.C. §§ 1441 & 1446, the State Court Action may be removed to this Court, as subject matter jurisdiction exists.

20.

A defendant has 30 days after service of the initial pleading or summons to file its notice of removal. 28 U.S.C. § 1446(b)(2)(B). Here, Defendants accepted service of the State Court Action on December 20, 2023. Accordingly, this Notice of Removal is timely filed.

21.

Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action will be promptly served upon Plaintiff's counsel, and a Notice of Filing Notice of Removal is being filed with the Clerk of the Circuit Court of Dallas County, Alabama. A true and correct copy of this Notice of Filing Notice of Removal is attached hereto as Exhibit "D."

22.

As required by 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers or exhibits in the State Court Action are attached as Exhibit "E."

23.

Additionally, under 28 U.S.C. § 1446(a), venue for this removal is proper in the Southern District of Alabama, Selma Division, because this is the district and division embracing the place where the state court action is pending.

24.

By filing this Notice of Removal, Defendants do not waive, either expressly or implicitly, their right to assert any defenses, improper venue, failure to state a claim, or any other defenses available under Alabama and/or federal law, that they could have asserted in the Circuit Court of Dallas County, Alabama. All such defenses are expressly reserved.

WHEREFORE, Defendants respectfully request that this Court take jurisdiction of this matter and award them all other legal and equitable relief to which they are entitled.

Respectfully submitted, this 18th day of January, 2024.

**FIELDS HOWELL LLP**
665 8th Street, N.W.
Atlanta, Georgia 30318
404.214.1250 (Telephone)
404.214.1251 (Facsimile)
skahn@fieldshowell.com

/s/ Stephen A. Kahn
Stephen Kahn (KAH009)
*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned counsel for Defendant certifies that on January 18, 2024, he caused a copy of the foregoing **DEFENDANTS GENERAL STAR INDEMNITY COMPANY'S AND GENSTAR INSURANCE SERVICES, LLC'S NOTICE OF REMOVAL** to be filed with the Clerk of Court via the CM/ECF filing system, which will send a notice of electronic filing to all counsel of record, as well as served by U.S. Certified mail to the following address:

> Gary V. Conchin
> Patrick M. Lamar
> CONCHIN, COLE, JORDAN & SHERROD
> 2404 Commerce Court SW
> Huntsville, AL 35801
>
> *Counsel for Plaintiff*

This 18th day of January, 2024.

**FIELDS HOWELL LLP**
665 8th Street, N.W.
Atlanta, Georgia  30318
404.214.1250 (Telephone)
404.214.1251 (Facsimile)
skahn@fieldshowell.com

*/s/ Stephen A. Kahn*
Stephen A. Kahn (KAH009)

*Counsel for Defendants*