# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SELMA DIVISION

| | |
|---|---|
| DALLAS COUNTY PRIVATE SCHOOL FOUNDATION D/B/A JOHN T. MORGAN ACADEMY, )<br><br>Plaintiff, )<br><br>vs. )<br><br>GENERAL STAR INDEMNITY COMPANY, A CORPORATION; GENSTAR INSURANCE SERVICES, LLC, A LIMITED LIABILITY COMPANY OR CORPORATION, Defendants A – M, whether singular or plural, entity or individual, who or which may have liability to the Plaintiff under any theories of law advanced in this complaint or in any amended complaints, including any claims in tort or contract and including negligence, wantonness, fraud, bad faith, misrepresentation, suppression and deceit, and who or which in any way have any liability for the insurance coverage and claims issues relative to the business premises of John T. Morgan Academy in a covered tornado or wind loss of January 12, 2023, or any conduct related to the transactional breaches or negligence related to insurance coverage and benefits belonging to the Plaintiff for the location more particularly described in the complaint as being the | **CIVIL ACTION NO.: 2:24-CV-00020**<br><br>[Removed from the Circuit Court of Dallas County, Alabama, Case No. 27-CV-2023-900265.00]<br><br>**Defendants' Answer** |

John T. Morgan Academy location,  )
with its numerous and separate  )
buildings, located at 2901 West Dallas  )
Avenue, Selma, Alabama; Defendants  )
N – Z, whether singular or plural,  )
entity or individual, who or which  )
acted to conspire or conspired to deny  )
the Plaintiff proper insurance  )
coverages and recoveries for the losses  )
sustained, and who or which  are  )
responsible for conduct related to the  )
coverage and claims process,  )
investigation, inspection, failure to  )
inspect, failure to properly investigate,  )
the denial of claims, negligence,  )
carelessness, incompetence, refusal to  )
pay policy proceeds,  )
                )
            Defendants.  )

## DEFENDANTS GENERAL STAR INDEMNITY COMPANY'S AND GENSTAR INSURANCE SERVICES, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

COME NOW, Defendants General Star Indemnity Company ("General Star") and GenStar Insurance Services, LLC ("GenStar ") (collectively, "Defendants"), and serve their Answer and Affirmative Defenses to the Plaintiff's Complaint, showing the Court as follows:

**FIRST DEFENSE**

Defendants respond to the enumerated paragraphs of the Complaint as follows. Defendants deny all allegations set forth in Plaintiff's Complaint that are not specifically admitted below:

**GENERAL AVERMENTS**

1.    Defendants are without the information or knowledge sufficient to form a belief as to the truth of the allegations asserted in Paragraph 1 of the Complaint and, therefore, deny the same.

2.    Defendants deny the allegations in Paragraph 2 to the extent they call for a legal conclusion to which no response is required. To the extent a response is required, Defendants admit that General Star is a Delaware corporation with its principal place of business in Connecticut. Defendants further admit that General Star issued property insurance Policy No. IAG971215 to Dallas County Private School Foundation & John T. Morgan Academy, ATIMA for the policy period September 1, 2022, to September 1, 2023 (the "Policy"). Defendants deny any remaining allegations in Paragraph 2.

3.    Defendants deny the allegations in Paragraph 3 to the extent they call for a legal conclusion to which no response is required. To the extent a response is required, Defendants admit that GenStar does business in Alabama and has offices

in Atlanta, Georgia. Defendants deny the remaining allegations of Paragraph 3 as stated therein.

4. Defendants deny the allegations in Paragraph 4 to the extent they call for a legal conclusion to which no response is required. To the extent a response is required, Defendants admit that the property insured under the Policy and for which Plaintiff's insurance claim was made is located in Dallas County, Alabama. Defendants are without the information or knowledge sufficient to form a belief as to the truth of the remaining allegations asserted in Paragraph 4 of the Complaint and, therefore, deny the same.

5. Defendants admit that there was a weather event on or about January 12, 2023, that caused certain covered damage to the subject property. Defendants deny any remaining allegations asserted in Paragraph 5 of the Complaint, including any allegations suggesting that causation of all claimed damage at the subject property has been agreed upon.

6. Defendants deny the allegations to the extent they seek to impose a duty on Defendants that does not exist under the law. Defendants are without the information or knowledge sufficient to form a belief as to the truth of any remaining allegations asserted in Paragraph 6 of the Complaint and, therefore, deny the same.

7. Defendants deny the allegations in Paragraph 7 to the extent they call for a legal conclusion to which no response is required. To the extent a response is

required, Defendants state that the Policy is a document that speaks for itself. Defendants expressly deny any assertion contrary to the Policy and specifically deny any and all characterizations of the Policy. Defendants admit only that Plaintiff had paid all premiums under the Policy at the time of the subject loss. Defendants lack sufficient information to admit the truth or falsity of any remaining allegations in Paragraph 7, and therefore, all such allegations are denied.

8.    Defendants admit that Plaintiff reported a claim for property damage resulting from a storm in January 2023. Defendants further admit that Plaintiff provided access to the premises for inspection purposes. Defendants deny the remaining allegations of Paragraph 8.

9.    Defendants admit that an outside adjuster, Engle Martin, was hired to assist in the adjustment of the loss. Defendants further admit that Engle Martin's estimate was presented on or about March 22, 2023 (the "EM Estimate"), and that the EM Estimate was forwarded to Plaintiff. Defendants state that the EM Estimate speaks for itself. Defendants expressly deny any assertion contrary to the EM Estimate and specifically deny any and all characterizations of the EM Estimate. Defendants deny the remaining allegations of Paragraph 9.

10.    Defendants state that the Policy, the EM Estimate, Plaintiff's appraiser's estimate, and Plaintiff's engineer's report are all documents that speak for themselves. Defendants expressly deny any assertions contrary to those

documents and specifically deny any and all characterizations of those documents. To the extent further response is required, Defendants admit that Plaintiff hired an appraiser to estimate its loss and forwarded that estimate to the Defendants, and that that estimate was in excess of the EM Estimate. Defendants also admit that Plaintiff provided an engineering analysis. Defendants deny the remaining allegations of Paragraph 10.

11.    Defendants state that the Policy is a document that speaks for itself. Defendants expressly deny any assertion contrary to the Policy and specifically deny any and all characterizations of the Policy. To the extent further response is required, Defendants admit that Plaintiff invoked an appraisal on or about May 8, 2023, and named The Howarth Group as its appraiser. Defendants deny the remaining allegations of Paragraph 11, including any allegations related to the timing of Plaintiff providing an estimate in relation to demanding appraisal.

12.    Defendants deny the allegations of Paragraph 12.

13.    Defendants deny the allegations of Paragraph 13.

## COUNT ONE – BREACH OF CONTRACT

14.    Defendants repeat and reallege their responses to the allegations set forth in Paragraphs 1-13 of Plaintiff's Complaint as if fully set forth herein.

15.    Defendants state that the Policy is a document that speaks for itself. Defendants expressly deny any assertion contrary to the Policy and specifically deny

any and all characterizations of the Policy. Defendants admit only that Plaintiff has supplied written estimates of loss. Defendants deny the remaining allegations of Paragraph 15.

16.     Defendants deny the allegations in Paragraph 16 to the extent they call for a legal conclusion to which no response is required. To the extent a response is required, General Star denies the allegations in Paragraph 16. Further, the allegations in Paragraph 16 are not directed towards GenStar, and therefore, no response is required from GenStar. To the extent a response is require, GenStar denies the allegations in Paragraph 16.

17.     Defendants deny the allegations in Paragraph 17 to the extent they call for a legal conclusion to which no response is required. To the extent a response is required, Defendants state that the Policy is a document that speaks for itself. Defendants expressly deny any assertion contrary to the Policy and specifically deny any and all characterizations of the Policy. General Star admits that there is a dispute regarding the amount of damages Plaintiff suffered, but it does not admit that is the only dispute. General Star denies any remaining allegations of Paragraph 17. Further, the allegations in Paragraph 17 are not directed towards GenStar, and therefore, no response is required from GenStar. To the extent a response is require, GenStar denies the allegations in Paragraph 17.

General Star further denies that Plaintiff is entitled to any damages or relief sought in the unnumbered "WHEREFORE" clause of Count One of Plaintiff's Complaint. Plaintiff's unnumbered "WHEREFORE" clause of Count One is not directed towards GenStar, and therefore, no response is required from GenStar. To the extent a response is require, GenStar denies Plaintiff is entitled to any damages or relief that is sought.

## COUNT TWO – BREACH OF CONTRACT – APPRAISAL PROVISION

18.     Defendants repeat and reallege their responses to the allegations set forth in Paragraphs 1-17 of Plaintiff's Complaint as if fully set forth herein.

19.     Defendants state that the Policy is a document that speaks for itself. Defendants expressly deny any assertion contrary to the Policy and specifically deny any and all characterizations of the Policy. Defendants deny any remaining allegations of Paragraph 19.

20.     Defendants deny the allegations in Paragraph 20 to the extent they call for a legal conclusion to which no response is required. To the extent a response is required, Defendants state that the Policy speaks for itself. Defendants expressly deny any assertion contrary to the Policy and specifically deny any and all characterizations of the Policy. Defendants admit only that the Plaintiff has invoked the appraisal provision in the Policy. Defendants deny any remaining allegations of Paragraph 20.

General Star further denies that Plaintiff is entitled to any damages or relief sought in the unnumbered "WHEREFORE" clause of Count Two of Plaintiff's Complaint. Plaintiff's unnumbered "WHEREFORE" clause of Count Three is not directed towards GenStar, and therefore, no response is required from GenStar. To the extent a response is require, GenStar denies Plaintiff is entitled to any damages or relief that is sought.

## COUNT THREE – BAD FAITH

21.    Defendants repeat and reallege their responses to the allegations set forth in Paragraphs 1-20 of Plaintiff's Complaint as if fully set forth herein.

22.    Defendants deny the allegations in Paragraph 22 to the extent they call for a legal conclusion to which no response is required. To the extent a response is required, General Star denies the allegations of Paragraph 22. Further, the allegations in Paragraph 22 are not directed towards GenStar, and therefore, no response is required from GenStar. To the extent a response is require, GenStar denies the allegations in Paragraph 22.

23.    Defendants deny the allegations in Paragraph 23, including all of its subparts, to the extent they call for a legal conclusion to which no response is required. To the extent a response is required, General Star denies the allegations of Paragraph 23, including all of its subparts. Further, the allegations in Paragraph 23, including all of its subparts, are not directed towards GenStar, and therefore, no

response is required from GenStar. To the extent a response is require, GenStar denies the allegations in Paragraph 23, including all of its subparts.

General Star further denies that Plaintiff is entitled to any damages or relief sought in the unnumbered "WHEREFORE" clause of Count Three of Plaintiff's Complaint. Plaintiff's unnumbered "WHEREFORE" clause of Count Three is not directed towards GenStar, and therefore, no response is required from GenStar. To the extent a response is require, GenStar denies Plaintiff is entitled to any damages or relief that is sought.

### COUNT FOUR – FRAUD, MISREPRESENTATION, CONSPIRACY

24.    Defendants repeat and reallege their responses to the allegations set forth in Paragraphs 1-23 of Plaintiff's Complaint as if fully set forth herein.

25.    Defendants deny the allegations in Paragraph 25 to the extent they call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 25.

26.    Defendants deny the allegations in Paragraph 26 to the extent they call for a legal conclusion to which no response is required. To the extent a response is required, Defendants admit only that an outside adjuster, Engle Martin, was hired to perform an inspection of the premises and assist in adjusting the loss. Defendants deny the remaining allegations of Paragraph 26.

27.    Defendants deny the allegations in Paragraph 27 to the extent they call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 27.

28.    Defendants deny the allegations in Paragraph 28 to the extent they call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 28.

29.    Defendants deny the allegations in Paragraph 29 to the extent they call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 29.

Defendants further deny that Plaintiff is entitled to any damages or relief sought in the unnumbered "WHEREFORE" clause of Count Four of Plaintiff's Complaint.

## COUNT FIVE – FICTITIOUS PARTIES

30.    Defendants repeat and reallege their responses to the allegations set forth in Paragraphs 1-29 of Plaintiff's Complaint as if fully set forth herein.

31.    The allegations of Paragraph 31 are related only to defendants other than Defendants; therefore, Defendants are without the information or knowledge sufficient to form a belief as to the truth of the allegations asserted in Paragraph 31 of the Complaint and, therefore, deny the same.

Defendants further deny that Plaintiff is entitled to any damages or relief sought in the unnumbered "WHEREFORE" clause of Count Five of Plaintiff's Complaint.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

Defendants' acts or omissions were not the actual and/or proximate cause of Plaintiff's alleged injuries.

## FOURTH DEFENSE

The claims contained in the Complaint which seek the recovery of punitive damages, under present Alabama law, violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America on the following grounds:

(a)     it is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)     the procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for

different alleged acts of wrongdoing, which infringe the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c)   the procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendants, which violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d)   the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages, which violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e)   the procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f)   the procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringe the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

(g)     the procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in the violation of the Eighth Amendment of the United States Constitution.

## FIFTH DEFENSE

The recovery of punitive damages by Plaintiff in this action would violate the Due Process Clause of Article One, Section Six of the Constitution of Alabama on the following grounds:

(a)      it is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil defendant upon the plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)     the procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against Defendants;

(c)     the procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(d)     the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages;

(e)     the award of punitive damages in this case would constitute a deprivation of property without due process; and

(f)     the procedures pursuant to which punitive damages are awarded may result in the award of a joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringe the Due Process and Equal Protection Clauses of the Constitution of Alabama.

## SIXTH DEFENSE

The award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

## SEVENTH DEFENSE

Defendants aver that to the extent Plaintiff's Complaint seeks punitive damages, Alabama Code. §§ 6-11-20; 6-11-23(a) and 6-11-24 apply.

## EIGHTH DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of waiver.

## NINTH DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of release.

## TENTH DEFENSE

Defendants' liability in this matter, if any, is dependent solely upon the Policy which is the best evidence of its terms, definitions, exclusions, conditions, limitations, deductibles, and endorsements, and Defendants incorporate such terms,

definitions, exclusions, conditions, limitations, deductibles, and endorsements as if fully stated herein.

## ELEVENTH DEFENSE

Plaintiff's breach of contract causes of action fails because Defendants did not breach any duty owed to Plaintiff, and Plaintiff did not suffer damages proximately caused by the alleged breach.

## TWELFTH DEFENSE

Plaintiff's claims are, or may be, barred by the doctrine of accord and satisfaction.

## THIRTEENTH DEFENSE

The burden is on Plaintiff to prove its damages and cause of its damages in accordance with the Policy's terms and conditions. Plaintiff has failed to do so, and is therefore not entitled to recovery.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred due to non-compliance with the Policy's conditions precedent to coverage and/or bringing suit under the Policy.

## FIFTEENTH DEFENSE

Plaintiff's lawsuit is premature to the extent it has demanded appraisal and any part of its claimed damages are appropriate for appraisal.

## SIXTEENTH DEFENSE

Plaintiff's claim for breach of appraisal fails because it attempts to submit issues to appraisal which are not properly subject to appraisal.

## SEVENTHEENTH DEFENSE

Plaintiff's claims for fraud, misrepresentation, deceit, suppression, and conspiracy fail, because Plaintiff does not sufficiently plead those causes of action as required under the Federal Rules of Civil Procedure and Alabama law.

## EIGHTEENTH DEFENSE

Plaintiff's claims for fraud, misrepresentation, deceit, suppression, and conspiracy fail, because Plaintiff cannot allege there was a false representation, a material existing fact, a duty to disclose, a failure to disclose, reasonable reliance by Plaintiff, or resulting damage.

## NINETEENTH DEFENSE

Plaintiff's claims against GenStar fail because it is not a proper party to the lawsuit as it is not an insurer and cannot be liable under Alabama law for damages arising from, arising out of, or in any way related to an alleged breach of an insurance policy.

## TWENTIETH DEFENSE

Plaintiff's claims against Defendants fail, in whole or in part, because the Policy's exclusion for wear and tear applies.

## TWENTY-FIRST DEFENSE

Plaintiff's claims against Defendants fail, in whole or in part, because the Policy's exclusion for rust or other corrosion, decay, deterioration, hidden or latent defect, or any quality in property that causes it to damage or destroy itself applies.

## TWENTY-SECOND DEFENSE

Plaintiff's claims against Defendants fail, in whole or in part, because the Policy's exclusion for continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more applies.

## TWENTY-THIRD DEFENSE

Plaintiff's claims against Defendants fail, in whole or in part, because the Policy's exclusion for faulty, inadequate, or defective planning, development, design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction, maintenance, or materials used in repair, construction, renovation, or remodeling applies.

## TWENTY-FOURTH DEFENSE

Plaintiff's claims against Defendants fail, in whole or in part, because the Policy's limitation for loss or damage or the consequence of loss or damage to the interior of a building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, ice, sand, or dust, whether driven by

wind or not, unless the building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand, or dust enters applies.

### TWENTY-FIFTH DEFENSE

Plaintiff's claims against Defendants fail, in whole or in part, because the Policy's exclusion for cosmetic loss of damage to roofs, roof coatings, roof canopies, or any materials or components used in conjunction with a roof's construction or re-covering applies.

### TWENTY-SIXTH DEFENSE

Plaintiff's claims against Defendants fail, in whole or in part, because the Policy's limitation precluding Replacement Cost coverage from applying to roofs, roof coatings, roof canopies, or any materials or components used in conjunction with a roof's construction or re-covering if, at the time of the loss, the roof, roof coatings, or roof canopies are over 12 years old applies.

### TWENTY-SEVENTH DEFENSE

Plaintiff's claims against Defendants fail, in whole or in part, to the extent they include alleged loss or damage to buildings or structures not insured under the Policy or include buildings or structures that are underinsured under the Policy.

## **TWENTY-EIGHTH DEFENSE**

Plaintiff's claims against Defendants fail, in whole or in part, because the Policy's exclusion for neglect to use all reasonable means to save and preserve property from further damage at and after the time of loss applies.

## **RESERVATION OF RIGHTS**

Defendants expressly reserve the right to amend this Answer and/or add additional affirmative defenses, as discovery in this case is ongoing.

WHEREFORE, Defendants pray that:

a.    Plaintiff's Complaint be dismissed with prejudice;

b.    Judgment be rendered in Defendants' favor against Plaintiff and that all costs be assessed against Plaintiff;

c.    Plaintiff recover nothing against Defendants in this action; and

d.    The Court grants other relief as it deems just.

Respectfully submitted, this 19th day of January, 2024.

**FIELDS HOWELL LLP**            */s/ Stephen A. Kahn*
665 8th Street NW              Stephen Kahn (KAH009)
Atlanta, Georgia  30318        Counsel for Defendants
404.214.1250 (Telephone)
404.214.1251 (Facsimile)
skahn@fieldshowell.com

## CERTIFICATE OF SERVICE

The undersigned counsel for Defendant certifies that on January 19, 2024, he caused a copy of the foregoing **DEFENDANTS GENERAL STAR INDEMNITY COMPANY'S AND GENSTAR INSURANCE SERVICES, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT** to be filed with the Clerk of Court via the CM/ECF filing system, which will send a notice of electronic filing to all counsel of record, as well as served by U.S. Certified mail to the following address:

> Gary V. Conchin
> Patrick M. Lamar
> CONCHIN, COLE, JORDAN & SHERROD
> 2404 Commerce Court SW
> Huntsville, AL 35801
> *Counsel for Plaintiff*

This 19th day of January, 2024.

**FIELDS HOWELL LLP**                    /s/ Stephen A. Kahn
665 8th Street, N.W.                          Stephen Kahn (KAH009)
Atlanta, Georgia  30318                    Counsel for Defendants
404.214.1250 (Telephone)
404.214.1251 (Facsimile)
skahn@fieldshowell.com