# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SELMA DIVISION

DALLAS COUNTY PRIVATE
SCHOOL FOUNDATION D/B/A
JOHN T. MORGAN ACADEMY,

       Plaintiff,

  vs.

GENERAL STAR INDEMNITY
COMPANY, A CORPORATION;
GENSTAR INSURANCE
SERVICES, LLC, A LIMITED
LIABILITY COMPANY OR
CORPORATION, Defendants A – M,
whether singular or plural, entity or
individual, who or which may have
liability to the Plaintiff under any
theories of law advanced in this
complaint or in any amended
complaints, including any claims in
tort or contract and including
negligence, wantonness, fraud, bad
faith, misrepresentation, suppression
and deceit, and who or which in any
way have any liability for the
insurance coverage and claims issues
relative to the business premises of
John T. Morgan Academy in a covered
tornado or wind loss of January 12,
2023, or any conduct related to the
transactional breaches or negligence
related to insurance coverage and
benefits belonging to the Plaintiff for
the location more particularly
described in the complaint as being the
John T. Morgan Academy location,

**CIVIL ACTION NO.:**
**2:24-CV-00020**

[Removed from the Circuit Court of
Dallas County, Alabama,
Case No. 27-CV-2023-900265.00]

**Defendant General Star
Indemnity Company's Disclosure
Statement**

with its numerous and separate )
buildings, located at 2901 West Dallas )
Avenue, Selma, Alabama; Defendants )
N – Z, whether singular or plural, )
entity or individual, who or which )
acted to conspire or conspired to deny )
the Plaintiff proper insurance )
coverages and recoveries for the losses )
sustained, and who or which  are )
responsible for conduct related to the )
coverage and claims process, )
investigation, inspection, failure to )
inspect, failure to properly investigate, )
the denial of claims, negligence, )
carelessness, incompetence, refusal to )
pay policy proceeds, )
)
　　　　　　Defendants. )

## DEFENDANTS GENERAL STAR INDEMNITY COMPANY'S DISCLOSURE STATEMENT

Pursuant to Federal Rule of Civil Procedure 7.1 and Civil L.R. 7.1, Defendant

General Star Indemnity Company ("General Star"), by and through its undersigned

counsel, makes the following disclosure(s).

1. **If the filer is a nongovernmental corporate party or a nongovernmental corporation that seeks to intervene, either (i) identify any parent corporation and any publicly held corporation owning 10% or more of its stock or (ii) state there is no such corporation:**

General Star is a corporation, which is a wholly-owned subsidiary of General

Reinsurance Corporation, which is a wholly-owned subsidiary of General Re

Corporation, which is a wholly-owned subsidiary of Berkshire Hathaway, Inc., a publicly traded company.

2. **If this is an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), name and identify the citizenship of every individual or entity whose citizenship is attributed to the filing party or intervenor: [To identify the citizenship of a partnership, LLC, or other unincorporated entity, a party must list the names and citizenships of all members or partners of that entity.** *See, e.g., Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.***, 374 F.3d 1020, 1022 (11th Cir. 2004).]**

Defendant General Star is a Delaware corporation with its principal place of business in Connecticut. Therefore, General Star is a citizen of Delaware and Connecticut.

3. **To the extent not otherwise disclosed above, if the filer is a nongovernmental artificial entity appearing as a party or an amicus curiae, identify all parent companies, subsidiaries, partners, limited liability entity members and managers, trustees (but not trust beneficiaries), affiliates, or similar entities reportable under the provisions of the S.D. Ala. Civil L.R. 7.1:**

General Star is a corporation, which is a wholly-owned subsidiary of General Reinsurance Corporation, which is a wholly-owned subsidiary of General Re Corporation, which is a wholly-owned subsidiary of Berkshire Hathaway, Inc., a publicly traded company. General Star has no subsidiaries.

☑ I certify that, except as disclosed, I am unaware of an actual or potential conflict of interest affecting the district judge or the magistrate judge in this action,

and that I will amend this Disclosure Statement promptly upon learning of any

relevant changes or corrections.

| | |
|---|---|
| January 24, 2024 | */s/ Stephen A. Kahn* |
| Date | Stephen Kahn (KAH009) |

*Counsel for Defendant General Star Indemnity Company*
**FIELDS HOWELL LLP**
665 8th Street, N.W.
Atlanta, Georgia  30318
404.214.1250 (Telephone)
404.214.1251 (Facsimile)

skahn@fieldshowell.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel for Defendant certifies that on January 24, 2024, he caused a copy of the foregoing **<u>DEFENDANT GENERAL STAR INDEMNITY COMPANY'S DISCLOSURE STATEMENT</u>** to be filed with the Clerk of Court via the CM/ECF filing system, which will send a notice of electronic filing to all counsel of record, as well as served by U.S. Certified mail to the following address:

> Gary V. Conchin
> Patrick M. Lamar
> CONCHIN, COLE, JORDAN & SHERROD
> 2404 Commerce Court SW
> Huntsville, AL 35801
> *Counsel for Plaintiff*

This 24th day of January, 2024.


**FIELDS HOWELL LLP**
665 8th Street, N.W.
Atlanta, Georgia  30318
404.214.1250 (Telephone)
404.214.1251 (Facsimile)
skahn@fieldshowell.com

/s/ *Stephen A. Kahn*
Stephen A. Kahn (KAH009)
*Counsel for Defendants*