# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DALLAS COUNTY PRIVATE SCHOOL FOUNDATION, d/b/a John T. Morgan Academy** | ) ) ) ) |
| **Plaintiffs,** | ) ) |
| v. | ) CIV. ACT. NO. 2:24-cv-20-TFM-N ) |
| **GENERAL STAR INDEMNITY CO.,** | ) ) |
| **Defendants.** | ) ) |

## ORDER

Pending before the Court is the *Joint Stipulation Granting Voluntary Dismissal Defendant GenStar with Prejudice and Granting Plaintiff Permission to File Second Amended Complaint* (Doc. 18, filed 3/4/24).

The Rules of Civil Procedure permit a plaintiff to voluntarily dismiss an action without an order of the court "by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment" or "a stipulation signed by all parties who have appeared." FED. R. CIV. P. 41(a)(1)(A). A request to dismiss an action requires a court order and dismissal by terms the court considers "proper" if Fed. R. Civ. P. 41(a)(1) does not apply. FED. R. CIV. P. 41(a)(2). Fed. R. Civ. P. 41(c) applies the same standards of Rule 41(a) to the dismissal of counterclaims, cross claims, and third-party claims.

The Court has the authority to dismiss all claims against a defendant under Fed. R. Civ. P. 41 even if there are other defendants in the case. *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004) ("[Fed. R. Civ. P.] 41 allows a plaintiff to dismiss all of his claims against a particular defendant . . . ."); *see also Plain Growers, Inc. ex rel. Florists' Mut. Ins. Co. v. Ickes-*

*Braun Glasshouses, Inc.*, 474 F.2d 250, 254 (5th Cir. 1973) ("There is little merit in the argument that the court could not dismiss the action as to less than all defendants upon motion [under (a)(2)] . . . ."); *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*) (adopting all decisions of the former Fifth Circuit announced prior to October 1, 1981, as binding precedent in the Eleventh Circuit). In *Rosell v. VMSB, LLC*, the Eleventh Circuit reiterated the point that Rule 41(a) allows a district court to dismissal claims against a particular defendant because "an 'action' can refer to all claims against one party. 67 F.4th 1141, 1144 n. 2 (11th Cir. 2023) (citing *Klay*, 376 F.3d at 1106).

In *City of Jacksonville v. Jacksonville Hosp. Holdings, L.P.*, 82 F.4th 1031 (11th Cir. 2023), the Eleventh Circuit determined that to be effective under Rule 41(a)(1)(A)(ii) a stipulation of dismissal must include the signature of all parties who have appeared to include those parties who may have also already been dismissed. *Id.* at 1038. However, the Eleventh Circuit also made it clear that "Rule 41(a)(2) still provides parties with an avenue for securing dismissals through court order" of an entire action against even when the parties are unable to acquire signatures from all parties who have appeared in the litigation. *Id.* at 1039; *see also id.* at 1036 ("Rule 41(a) allows a district court to dismiss all claims against a particular defendant.") (quoting *Roswell*, 67 F.4th at 1144; *In re Esteva*, 60 F.4th 664, 677 (11th Cir. 2023)).

In *Perry v. Schumacher Grp. of La.*, 891 F.3d 954, 958 (11th Cir. 2018), the Eleventh Circuit held that Fed. R. Civ. P. 41(a)(1) was not the appropriate mechanism for dismissal of fewer than all claims asserted in a lawsuit. In doing so, it noted that the plain language of Rule 41(a)(1) contemplates dismissing an "action." *Id.* "There is no mention in the Rule of the option to stipulate dismissal of a portion of plaintiff's lawsuit - e.g., a particular claim - while leaving a different part of the lawsuit pending before the trial court." *Id.* (emphasis in original). Rather, the *Perry* court

emphasizes that Rule 41(a) is not the proper vehicle for dismissing individual claims but only an entire action.  To dismiss a single claim without dismissing an entire action against a defendant, the Plaintiff should seek and obtain leave to amend the complaint to eliminate that claim under Fed. R. Civ. P. 15.  *Id*.  "Litigants who wish to dismiss, settle, or otherwise resolve less than an entire action can ensure that they receive a final judgment on the remainder of their claims . . . by seeking partial final judgment under Rule 54(b) from the district court, or by amending their complaints under Rule 15."  *Rosell*, 67 F.4th at 1144.  However, the Court notes the latter option would result in a determination on the merits while an amended complaint would simply dismiss the claim.

The status of Rule 41 remains a bit murky on whether Rule 41(a)(1) can apply to less than the entire case being closed.  The main difference is whether the document is immediate and self-effectuating which is the case under Rule 41(a)(1).  *See Estate of West v. Smith*, 9 F.4th 1361, 1367-1368 (11th Cir. 2021) (noting that a Rule 41(a)(1) is a self-executing rule that is effective immediately, that any court order is a nullity, and divests the Court of jurisdiction.). Whereas Rule 41(a)(2) requires Court review and an approval.  The document is signed by Plaintiff's counsel and counsel for Defendants and the same counsel represents both defendants.

Given that the document is signed by all parties and closes the entirety of the case against Defendant GenStar Insurance Services LLC, it is likely effective under Rule 41(a)(1)(A)(ii).  However, to the extent is required to be viewed under Rule 41(a)(2), the motion is **GRANTED** and the claims against Defendant GenStar Insurance Services LLC are **DISMISSED with prejudice** with each party to bear their own attorney's fees and costs.

This case remains pending against the Defendant General Star Indemnity Company.  As a result, the Court turns to the second part of the document relating to a second amended complaint.

In accordance with Fed. R. Civ. P. 15(a)(2), Plaintiff has received the opposing party's written consent.  Therefore, the Court accepts the Second Amended Complaint (Doc. 18-1) and **DIRECTS** the Clerk of Court to docket it as the Second Amended Complaint effective March 4, 2024.[1]

Consequently, the Second Amended Complaint became the operative complaint and the motion to dismiss (Doc. 15) is **DENIED as moot**.  Defendant shall file its answer or other responsive pleading in accordance with Fed. R. Civ. P. 15(a)(3).

**DONE** and **ORDERED** this the 6th day of March 2024.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes for future reference that because it is an amendment by consent under Rule 15(a)(2) that it would simply be easier to docket it after the pleading as opposed to an exhibit so that the Clerk of Court does not have to go behind the scenes to docket it for the parties.  That also ensures that it is effective the date of docketing without Court order.